**M. G. PETER, Appellant,**

v.

**2117 WALKER CORPORATION, Appellee.**

No. 4634.

Court of Civil Appeals of Texas.

Waco.

June 29, 1967.

Ranseler O. Wyatt, Houston, for appellant.

Aaron Goldfarb, Houston, for appellee.

OPINION

WILSON, Justice.

Summary judgment was rendered dismissing appellant's severed action against appellee corporation. We affirm.

The petition alleged appellant and two others, individuals who were originally named defendants, formed appellee corporation. Its purpose was to acquire a building to be leased to another corporation formed at the same time to sell food products. The petition alleged that appellant then agreed with the other two incorporators that he would supervise organization of the business, and the repairing and remodelling of the building which was to be bought, on condition "that he would own an undivided one-third interest in said building and that he would be issued one-third of the corporate stock" of appellee corporation; that he subsequently performed the

services which had been agreed upon prior to incorporation, but the other incorporators caused all stock to be issued to themselves; and that the president and secretary of the corporation (who were the other two incorporators) have refused to issue one-third of the stock to appellant. It was alleged the other incorporators had thereby defrauded appellant, and that he had been delayed in discovering the claimed fraud.

The only relief prayed for was monetary damages, actual and exemplary. The pre-incorporation agreement relied on was said to be oral. It was alleged to have been made more than two years before the suit was filed. The action against the two other incorporators was severed from that against appellee corporation.

Appellant says there were issues of fact to be determined: whether he rendered services, and if so, their value. These are not material as against the corporation under his pleadings. He also says the corporation became trustee of the stock for the lawful owners. He did not predicate his action on this theory. He did not seek to impose a trust. His action is not aimed at obtaining stock or certificates. He sued only for damages.

Article 12, Section 6 of the Texas Constitution, Vernon's Ann.St. prohibits issuance of corporate stock except for money paid, labor done or property actually received. Appellant alleged he was to receive stock for services to be performed in the future. Appellant does not seek to compel the corporation to issue stock; he prayed only for damages for wrongs alleged to have been committed by the individual defendants, who are not before us on this appeal. Whatever may be his rights against those individual defendants, he has alleged no basis for a cause of action against the corporation for damages.

It is generally held that a pre-incorporation agreement to perform services in the future does not constitute "labor done" under the constitutional provision. Champion v. C. I. R. (5 Cir. 1962) 303 F.2d 887, 891;

11 Fletcher, Corporations, (1958) Sec. 5187, p. 537. We do not consider it necessary to pass on this question, or that concerning limitation, as appellee urges.

Appellee's motion to dismiss the appeal is overruled. Affirmed.